UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYWON WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>CHIME SOLUTIONS, INC., et al.,<br><br>    Defendants. | No. 2:20–cv–2299–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND<br><br>(ECF Nos. 1, 2.) |

Plaintiff, who is proceeding without counsel in this action, has filed a complaint (ECF No. 1) and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2).[1] Plaintiff's application in support of the request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry, however. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

///

///

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
2  an immune defendant.
3  **LEGAL STANDARD**
4       A claim may be dismissed because of the plaintiff's "failure to state a claim upon which
5  relief can be granted." See Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) dismissal may be based on
6  the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a
7  cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  In
8  evaluating whether a pleading states sufficient facts on which to base a claim, all well-pled
9  factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the
10 complaint must be construed in the light most favorable to the non-moving party, Corrie v.
11 Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is not, however, required to accept
12 as true "conclusory [factual] allegations that are contradicted by documents referred to in the
13 complaint," or "legal conclusions merely because they are cast in the form of factual allegations."
14 Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  Thus, to avoid dismissal for failure to
15 state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or
16 "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550
17 U.S. 544, 555-57 (2007).  Simply, the complaint "must contain sufficient factual matter, accepted
18 as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662,
19 678 (2009) (citing Twombly, 550 U.S. at 570).  Plausibility means pleading "factual content that
20 allows the court to draw the reasonable inference that the defendant is liable for the misconduct
21 alleged."  Id.
22      In addition, Rule 8 of the Federal Rules of Civil Procedure requires pleadings to include:
23 (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and
24 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).
25      Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7
26 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is
27 to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure
28 them—if it appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d

1122, 1130-31 (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**ANALYSIS**

Plaintiff's complaint names four defendants:  Chime Solutions, Inc., which might be plaintiff's former employer, President Donald Trump, and the companies Apple and LinkedIn.  (ECF No. 1 at 2-3.)  Plaintiff alleges that "multiple companies violated [plaintiff's] privacy and intellectual property rights" and that President Trump "violated the Civil Rights Acts and employment discrimination (Race and Disability)."  (Id. at 5.)  Plaintiff further alleges that Chime Solutions "violated rights in 2018," referencing an August 2020 notice of right to sue letter from the Equal Employment Opportunity Commission attached to the complaint.  (Id. at 5, 7.)  Plaintiff claims that "multiple companies, agencies, government officials, and entities" violated plaintiff's privacy by "accessing [plaintiff's] phone and data" without permission; and that when President Trump accessed this information "he stole [plaintiff's] ideas, copyright."  (Id. at 5.)  Plaintiff also references unspecified "work place harassment" and states that plaintiff is living with a disability that has worsened since 2018.  (Id. at 5-6.)

Plaintiff lists a number of federal statutes as the apparent basis for these claims, including Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, and multiple titles of the Americans with Disabilities Act.  Plaintiff also refers to "Nationwide Title IX," "Intelectual Property / Privacy – Data" (sic), and "contracts, rights and royalties copy rights."  (Id. at 4.)

Plaintiff's complaint does not remotely allege sufficient facts to allow the court to discern a particular claim for relief, as required by Rule 8(a).  See, e.g., Schmidt v. Herrmann, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Rule 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").  The complaint does not give fair notice to defendants of what specific conduct plaintiff is challenging in this action.  See generally Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to the complaint); Jones v. Cmty. Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity the overt acts defendants engaged

in, and how they harmed plaintiff.

Most problematically, the complaint appears to assert distinct claims against unrelated defendants—ranging from plaintiff's perhaps former employer, to the President, to various companies. Federal Rule of Civil Procedure 20(a) provides that multiple persons may be joined in one action as defendants only if (A) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Plaintiff does not explain what connection these entities bear to him, or to one another, or why the court should permit plaintiff to bring this single action against them all together. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits.").

For all of these reasons, the complaint is subject to dismissal. Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim for relief against at least one of these defendants, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff elects to file an amended complaint, this new pleading shall be captioned as the "First Amended Complaint" and must set forth each of plaintiff's claims in separate sections clearly identifying which defendant(s) are allegedly at fault for each claim (for example: Claim I against defendants X, Y, and Z; Claim II against defendants R and S, etc.). For each claim, plaintiff must succinctly specify who did what, when the events occurred, and how plaintiff was harmed by the alleged conduct. As discussed above, plaintiff may only name as defendants those persons from whom he seeks relief jointly, or "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." See Fed. R. Civ. P. 20(a). This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is

filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: January 13, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will.2299